```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

--------------------------------X **Docket#**
UNITED STATES OF AMERICA,       : 19-mj-00778-JO-1
                                :
                                :
    - versus -                  : U.S. Courthouse
                                : Brooklyn, New York
                                :
CHUDHARY,                       : January 29, 2020
              Defendant         : 2:32 PM
--------------------------------X
```

            TRANSCRIPT OF CRIMINAL CAUSE FOR PROCEEDING
              BEFORE THE HONORABLE JAMES ORENSTEIN
                 UNITED STATES MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**


For the Government:         **Richard P. Donoghue, Esq.**
                            United States Attorney

                       BY:  **Jonathan E. Algor, Esq.**
                            Assistant U.S. Attorney
                            271 Cadman Plaza East
                            Brooklyn, New York 11201



For the Defendant:          **Samuel Jacobson, Esq.**
                            Federal Defenders of New York
                            One Pierrepont Plaza, 16 Fl
                            Brooklyn, NY 11201




Transcription Service:      Transcriptions Plus II, Inc.
                            61 Beatrice Avenue
                            West Islip, New York 11795
                            laferrara44@gmail.com



Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

Proceedings 2

1       THE CLERK: Criminal Cause for an Order of
2  Excludable Delay, case number 19-m-778, United States v.
3  Awais Chudhary.
4       Counsel, your name for the record.
5       MR. ALGOR:  Good afternoon, your Honor.
6  Jonathan Algor for the United States.
7       THE COURT:  Good afternoon.
8       MR. JACOBSON:  Good afternoon, your Honor.
9       Sam Jacobson, Federal Defenders for Awais
10 Chudhary, who is present next to me, we're joined today
11 by Danielle Azzarelli, a social worker in our office.
12      THE COURT:  Good afternoon to both of you.
13      MS. AZZARELLI:  Good afternoon.
14      THE COURT:  Mr. Chudhary?
15      THE DEFENDANT:  Good afternoon.
16      THE COURT:  Good afternoon, sir.
17      All right, folks, you're seeking an exclusion
18 of time.  How many have there been already?
19      MR. ALGOR:  This is the fourth, your Honor.
20      THE COURT:  Okay.  Why is it in the interest of
21 justice to keep delaying things?
22      MR. ALGOR:  Your Honor --
23      THE COURT:  (Indiscernible).
24      MR. ALGOR:  Your Honor, the defense counsel has
25 been -- provided the government with a predisposition

Transcriptions Plus II, Inc.

Proceedings 3

1 package this past weekend, that includes over three
2 expert reports, which includes a mental health report, as
3 well, and much of the delay in excluding time was to
4 allow those reports to be put together pre-indictment,
5 and so we believe in the interest of justice, both from
6 the public's interest pre-indictment, as well as for the
7 defendant, we're joining in excludable time.
8        THE COURT: I know you're joining it. I'm sure
9 you all think this is the right thing for the case,
10 that's great. But other than you think it's a good idea
11 that you get the information, you look at it, how is it
12 not just say well, we didn't get it done earlier, so we
13 need more time?
14        Look, it's not just about it's going to take as
15 long as it takes, so let's make sure we get it done. Why
16 does what you're trying to do require that many
17 exclusions?
18        MR. JACOBSON: The reason, your Honor, and I
19 think the government referred to this is we had to have
20 three experts meet with Mr. Chudhary, both at MDC and
21 also in the pens, and the courthouse.
22        Due to sort of regulations with the marshals,
23 that took two separate court orders --
24        THE COURT: So the marshals prevented it from
25 happening as part of their duties.

Proceedings                                  4

1    MR. JACOBSON:  There was --
2    THE COURT:  Look, I am not going to extend the
3 time.  You can make your charging decision or not, but
4 the fact that the time isn't extended by itself doesn't
5 necessarily drive the decision.
6    MR. JACOBSON:  Can I make my full argument for
7 the extension?
8    THE COURT:  Sure.
9    MR. JACOBSON:  Thank you, your Honor.
10   THE COURT:  Yeah.
11   MR. JACOBSON:  The parties think that there's a
12 significant likelihood of resolving this case prior to
13 indictment.
14   THE COURT:  Right.
15   MR. JACOBSON:  We're close to a disposition.
16   THE COURT:  Wonderful.
17   MR. JACOBSON:  And we think that we'll succeed
18 in that.  The issues is that should the government indict
19 Mr. Chudhary, gives less flexibility in terms of those
20 disposition discussions.
21      So what we're proposing is that something that
22 could take months of, or even years of litigation in a
23 case like this, post-indictment, we can resolve with an
24 additional four weeks in time.
25   THE COURT:  I really do understand the benefits

5

Proceedings

1  of a plea agreement.  I'm just saying that you're not
2  barred from entering into an agreement because you don't
3  get a fourth extension of Speedy Trial time.
4              The government, I am confident, won't act
5  vindictively for something not within your control.
6  Right?
7              MR. JACOBSON:  Well absent an exclusion of
8  time, they're required to indictment him expeditiously.
9              THE COURT:  They're not required to indict.
10 They're required to make a decision.  If they think that
11 there should be a disposition, they'll do it, right?
12             MR. JACOBSON:  Your Honor, we didn't have --
13             THE COURT:  Right?
14             MR. JACOBSON:  Yes, your Honor.
15             MR. ALGOR:  I don't think that's right, your
16 Honor, because the charging decisions in a case like this
17 require approval from Main Justice.  And the government
18 has to work through their channels for any disposition to
19 be approved, so it does take months.
20             And the reason that I believe that this
21 exclusion is in the interest, not just of the parties,
22 not just the defendant, but also the interest of the
23 public, is because the public's interest is in a speedy
24 resolution of cases, not (indiscernible).
25             THE COURT:  You're going to tell me that the

```
                                                            6
                        Proceedings
 1  public's interest in a speedy resolution requires further
 2  delay?
 3            MR. ALGOR:  Yes, in fact, because the -- should
 4  he be indicted, we're looking at -- in cases like this,
 5  significantly longer motion practice.
 6            THE COURT:  I get that.  I really do.  Look,
 7  what you guys don't seem --
 8            MR. ALGOR:  So we would actually save time.
 9            THE COURT:  -- to be willing to accept, and if
10  you don't agree, fine, but it's a disagreement --
11            MR. ALGOR:  Well, perhaps --
12            THE COURT:  -- if I listen to you, if I haven't
13  finished listening to you, you wanted to be heard
14  further, let me know, but when you're done, I would like
15  the opportunity to speak without uninterrupted as well.
16  Are you done?
17            MR. ALGOR:  Yes.
18            THE COURT:  Okay.  The arguments that you're
19  making essentially make dead letter of the Speedy Trial
20  Act because at least as applied to the indictment, when
21  you're talking settlement.  The one sentence says we're
22  not done till we're done.  And Speedy Trial Act has
23  nothing to say about that.
24            So yes?  Yes?
25            MR. ALGOR:  If I might, your Honor?
```

```
                                                            7
                         Proceedings
```

1          THE COURT:  Yes.

2          MR. ALGOR:  So just to be clear, your Honor, we

3 were excluding the time largely waiting on the mental

4 health piece, as well, and that just came in from the

5 expert regarding the defendant's mental health.  And so

6 that --

7          THE COURT:  Did the marshals, for reasons I am

8 sure is sufficient to them, prevent the Speedy

9 examinations?

10         MR. ALGOR:  I am not aware of the -- of what

11 the specific constraints were regarding Dr. Vega's (ph.)

12 ability to get to the MDC.

13         THE COURT:  How long has Mr. Chudhary been in

14 custody?

15         MR. ALGOR:  Since the end of August, your

16 Honor.

17         THE COURT:  And you couldn't have these

18 discussions and get experts to examine him, get the

19 reports done since August?

20         MR. ALGOR:  The --

21         MR. JACOBSON:  Your Honor, the particular

22 expert -- the piece that the government is referring to

23 is an expert who we had to fly down from Boston.  He

24 specializes in a particularly-type of psychiatric issue.

25 He was the only expert that we felt --

Proceedings 8

1 THE COURT: When you say "fly down from
2 Boston", Boston, that is an hour away by plane?
3 MR. JACOBSON: He's also a busy man, and we had
4 to wait many weeks for his availability, to meet with Mr.
5 Chudhary. We needed an order for that.
6 This is all to say that, Judge, I think that
7 plea -- pre-indictment plea negotiations is an
8 appropriate use of an exclusion of time.
9 THE COURT: Have you heard me disagree with you
10 on that?
11 MR. JACOBSON: Well, the case law says
12 otherwise, that it is a valid (indiscernible).
13 THE COURT: Have you heard me disagreeing that
14 plea discussions rate, or that they're an appropriate
15 basis for an exclusion? Have I disagreed with that? I
16 haven't, in case it's unclear.
17 What I disagree with is the idea that you keep
18 doing it as long as you think you want or need it, and
19 that the Speedy Trial Act has nothing to say about that,
20 as long as you put plea discussions on the table, and
21 that's not how it works. It's not calendared
22 (indiscernible), so that you get it done when you get it
23 done.
24 Anything else?
25 MR. JACOBSON: No, your Honor.

Transcriptions Plus II, Inc.

Proceedings

9

1 THE COURT: Thank you. Have a good day.
2 THE CLERK: Thank you.
3 (Matter Concluded)
4 -o0o-

10

**C E R T I F I C A T E**

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **30th** day of **January**, 2020.

*Linda Ferrara*
Linda Ferrara

AAERT CET 656

Transcriptions Plus II, Inc.